UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO.: 3:02-548-CMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Darren White, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of both his trial and appellate counsel. The Government responded in opposition to Defendant's motion, moving for summary judgment. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the importance of and requirements relating to a response. However, after having been granted an extension of time to do so, Defendant has failed to respond to the Government's motion.

**BACKGROUND**

In July 2002, Defendant, together with thirty-two (32) codefendants, was indicted by a federal grand jury for participating in a conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1]

Defendant proceeded to trial in March 2003, and was found guilty on May 2, 2003. On March 9, 2004, Defendant was sentenced to life in prison and a term of supervised release of ten years.

Defendant appealed his conviction and sentence. In a consolidated appeal, the Fourth Circuit

---

[1] The original indictment was superseded three times to add defendants and charges relating to other defendants. However, the charges against Defendant White did not change.

1

Court of Appeals determined that error committed by this court under *Booker v. United States*, 543 U.S. 220 (2005), was not harmless, and vacated Defendant's sentence and remanded to this court for resentencing.

On July 23, 2008, Defendant appeared for resentencing. After due consideration of the Sentencing Guidelines and other factors under 18 U.S.C. § 3553, Defendant was sentenced to 360 months' imprisonment. Defendant thereafter appealed, and on April 6, 2009, the Fourth Circuit affirmed Defendant's sentence. *United States v. White*, 320 Fed. App'x 170 (4th Cir. 2009).

Defendant raises twenty-one (21) claims of ineffective assistance of both trial and appellate counsel. However, the conclusory accusations contained in Defendant's motion are insufficient to warrant relief. Additionally, Defendant has provided no response to the Government's motion for summary judgment or the affidavits provided by counsel, despite seeking and receiving an extension of time to respond to the Government's motion. Because Defendant has provided no support for his claims that counsel were ineffective or that he was prejudiced as a result, the court **grants** the Government's motion for summary judgment and this motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

                                                 s/ Cameron McGowan Currie  
                                                 CAMERON MCGOWAN CURRIE  
                                                 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
June 17, 2011